## GIRARD BANK v. COMLY.

### May 20, 1840.

*Rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence.*

In an action by the endorsee against the endorser of a promissory note, the endorsement being in blank, it is a good defence that the parties at the time of the endorsement verbally agreed that it was made simply as a means of passing title in the note to the endorsee, and with the express understanding that the drawer was alone to be responsible to the endorsee, and that no recourse was to be had to the endorser.

THIS action was brought by the Girard Bank in the City of Philadelphia against Samuel Comly, to March term, 1840, No. 250.

[Girard Bank v. Comly.]

The plaintiffs filed a copy of promissory notes on which this action was brought, viz.:

" $1000.   No. 1.            No. 1.   Vicksburg, February 11, 1839.            $1000.

" Twelve months after date the Commercial and Rail Road Bank of Vicksburg promises to pay one thousand dollars on demand to S. Thompson & Co. or order, at Girard Bank, (Philadelphia,) with three per cent. interest until due.

$1000.   W. Harvey, Cashier.                                      $1000.

J. J. Chewning, Pres't."

(Endorsed) " Pay Mr. Samuel Comly or order.
                    Sam'l Thompson & Co.
                                      In liquidation.
                    Samuel Comly."

Nineteen other notes of the same tenor, except bearing numbers from 2 to 20 inclusive, of the same date and similarly endorsed.

The defendant filed the following affidavit of defence, viz.:

" Samuel Comly, the defendant above named, having been duly affirmed according to law, doth depose and say, that he has a just and legal defence to the entire claim urged by the plaintiffs in the above cause, of which the nature and character are as follows:

" The deponent was on the fifth day of March, 1839, the holder as hereinafter specified, of the twenty post notes whereon this suit is brought.   On that day he endorsed and delivered them to the plaintiffs; and, in return for such endorsement and delivery, he received from plaintiffs no other payment or consideration whatever, than ten promissory notes of the said plaintiffs, severally dated 11th February, 1839; nine of them being for $2000, and one for $2600; all payable in twelve months after their said date, and forming an aggregate of $20,600; whereof the $600 were for the interest to accrue on said notes filed, at the rate specified on their face, as will appear by reference thereto.   The said plaintiffs gave no other consideration whatever for the notes sued upon, nor did they acquire any right or title thereto, otherwise than as aforesaid, to wit, by the exchange of their own promissory notes for the same.   These latter notes so by them furnished in exchange, this deponent has been informed, verily and firmly believes, and expects to prove on the trial of the cause, have

[Girard Bank v. Comly.]

never been paid by said plaintiffs in lawful money of the United States: the said plaintiffs have since the month of October, 1839, refused to pay all or any of their notes in such money notwithstanding many requests for such payment, and still persist in such refusal; and deponent has good and very strong reasons to believe and verily does believe and expects to prove on the trial of this cause, that the plaintiffs have refused to make such lawful payment of their said post notes.

"For and in consideration of this exchange of notes, the plaintiffs required of deponent, and he accordingly made to them at the time of said exchange, (5th March, 1839,) a payment in cash of $1241 36, (say one thousand two hundred and forty-one dollars, thirty-six cents,) this being at the rate of one-half of one per cent. per month, upon the amount of the notes exchanged for the time they had to run before maturity.

"The Commercial and Rail Road Bank of Vicksburg, (drawers of the notes on which this action is instituted,) are a corporation existing or carrying on business in the state of Mississippi, and plaintiffs were at, and for a long time prior to and have been since said 5th March, 1839, the agents of said corporation in this city. The said plaintiffs owned or held in pledge or otherwise (as this deponent has been informed, verily believes and expects to prove on the trial of the cause) a large proportion of the capital stock of the said corporation, and were perfectly aware or conceived themselves to be so, of the real condition of said corporation's financial concerns. These were generally by the public at large, and particularly by the plaintiffs, considered as being in a perfectly safe and secure condition, and with this knowledge or conception the plaintiffs did in the manner aforesaid receive the notes sued upon on the faith and solely trusting to the solvency of said corporation and not in any wise to the endorsement of deponent. Samuel Thompson & Co. of New Orleans having some payments to make, procured the notes (whereof copies are on file in this suit) by paying a heavy premium upon the same, and inclosed them to deponent in letters of which copies are annexed, sent by them by mail, and as usual in such remittances, specially endorsed them to deponent's orders for safety of transmission. Deponent did not own the said notes, nor had he any other title thereto, than as agent of Samuel Thompson & Co., constituted by said annexed letters for the purpose of disposing of them as

[Girard Bank v. Comly.]

they directed, and for their benefit. It is usual in business to receive a certain premium or remuneration for endorsing and assuming liability as guaranteeing the notes of other persons, but deponent has never charged said Thompsons any sums whatever, nor has he ever received any other good, valuable, or lawful consideration for guaranteeing the notes in question, nor has he at any time conceived himself at liberty to make any such charge, not having intended to make a guarantee of, nor assume any responsibility in relation to the payment of said notes; and the said notes having been taken by plaintiffs, without regard to his endorsement, such endorsement was affixed to said notes, simply for the purpose of passing title thereto, which could not be otherwise effected; it was not desired nor requested, taken or received by plaintiffs, as or for any guarantee or assumption as aforesaid; nor had they at the time any idea of holding the deponent liable upon such endorsement, as the deponent has good reason to believe, verily believes and expects to prove on the trial of the cause.

" It was in consequence of said post notes sued upon being (as will appear on reference thereto, or to the copies thereof on file) made payable at the said Girard Bank, and of the said plaintiffs being, as above stated, the known and acknowledged agents of said Vicksburg Bank, that deponent was induced to apply to the plaintiffs for disposing of said post notes, under said annexed letters of instruction.

" Moreover, since the receipts of said notes on the 5th March, 1839, by plaintiff from deponent in the manner aforesaid, they, the said plaintiffs, have received from the said Commercial and Rail Road Bank of Vicksburg a much larger sum of money than the aggregate of the twenty notes sued upon, (to wit, 20,000 dollars,) and the interest thereupon. In consequence whereof the said notes became and were merged and satisfied, liquidated and annulled; said sum of $1241 36 was charged to and is still owing by Samuel Thompson & Co. to deponent. For the copies of said letters from Samuel Thompson & Co. and other parts, &c. deponent refers to the prayer or petition hereto annexed, praying that the same may be considered as being and forming a constituent part hereof."

The letters referred to in the affidavit were as follows, viz.:

[Girard Bank v. Comly.]

" EXPRESS MAIL.

"New Orleans, 20th February, 1839.　No. 1.

" Mr. Samuel Comly, Philadelphia.

DEAR SIR:—Herein we beg to inclose you ten post notes of the Commercial and Rail Road Bank of Vicksburg, No. 1 a 10, dated Vicksburg, 11th February, 1839, payable one year after date, to our order, at the Girard Bank of Philadelphia, with 3 per cent. per annum interest until maturity, for one thousand dollars [$1000] each, which with the same number and amount,[a] and inclosed in another letter of this date, making together $20,000.　We beg of you to dispose of these on the best terms in your power, and apply the proceeds to the payment of our note, due 1-4 proximo, for $16,666 $\frac{67}{100}$, to the balance of Hand's draft due 14th Dec., 1838, to his other draft due 14th inst., for $862 $\frac{2}{100}$, and to Scott's draft due 4th ultimo for $844 50, and whatever balance may remain you will please place to our credit.　We must request of you most earnestly, that in the disposition of these post notes, you will use your utmost exertions for our interest, that the heavy sacrifice we have been compelled to make in order to obtain them, may be as light as possible.

"Your favour of 6th instant, with owners of ship Georgian's receipt for $36 $\frac{36}{100}$, amount of general average on wool paid by you, as also your other favour of the week previous, have been duly received.　The said amount is at your credit.　We know the contents of your letters, and do assure you that you cannot feel greater anxiety than we do to fulfil the new engagements that have been made, as we are aware that a second failure would be more fatal than even the first.　Yours of the second instant, to the writer hereof, with commission, is also to hand, and will be forthwith attended to.

Yours, very truly,

SAMUEL THOMPSON & Co.

In liquidation."

" EXPRESS MAIL.

"New Orleans, February, 1839.　No. 2.

Mr. Samuel Comly, Philadelphia.

"DEAR SIR:—Inclosed pleased to find ten post notes, of the Commercial and Rail Road Bank of Vicksburg, Nos. 11 a 20,

[a] Same tenor, date, and amounts, and No. 11 a 20.

[Girard Bank v. Comly.]

dated Vicksburg, 11th February, 1839, payable *to* our order, one year after date, with three per cent. per annum interest, until due at the Girard Bank of Philadelphia, for $1000 each, (say one thousand dollars each) being with same amount[a] inclosed in another letter of this date, say $20,000, which you will please convert into cash on the very best terms in your power, and apply the same to payments of our several obligations as mentioned in our other letter aforesaid, and

We remain,

Yours, most truly,

Samuel Thompson & Co.

In liquidation."

*Kane*, for the plaintiffs.
*Guillou* and *M'Call*, for defendant.

Per Curiam.—The defendant avers, substantially, in his affidavit that the endorsement made by him to the plaintiffs was upon the express agreement that no recourse was to be had to him as an endorser, that the maker was alone to be liable to the plaintiffs, and that the endorsement was made as a means of passing title to the note. Such an agreement, if made between the original parties to the note, might not be a good defence for the drawer, inasmuch as a verbal agreement shall not vary a written instrument, (see 3 *Camp.* 57 ; 8 *Taunt.* 92 ; 3 *B. & A.* 233 ; 10 *B. & C.* 729 ; 1 *S. & R.* 32.) But in Pike *v.* Street, 1 *M. & M.* 226, it was held that if there be a verbal agreement between the *endorser* and the immediate *endorsee*, that the endorsee shall not sue the endorser, but the acceptor only, such agreement is a good defence on the part of the endorser against his immediate endorsee suing in breach of the agreement. And see *Byles on Bills*, 9, 10, 86, 112.

Rule discharged.